Choose an item.**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:18-CR-00154-02** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MEKO R WALKER (02)** | **MAGISTRATE JUDGE HAYES** |

**RULING**

Pending before the Court is Defendant Meko R. Walker's ("Walker") *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 275]. Walker bases his Motion on claims of ineffective assistance of counsel. Walker claims that his defense counsel failed to object to two improper statements made by the prosecution during closing arguments, that defense counsel failed to inform him of his right to testify in his own defense, and that defense counsel failed to sever the trial. Walker argues that the failures of his defense counsel affected a substantial right and requests an evidentiary hearing. Walker also attached a motion captioned "Motion Requesting that His 28 U.S.C. 2255 Motion & Memorandum in Support be Liberally Construed and Accept [sic] inspite [sic] of any Page Limit Requirement." [Doc. No. 275-3].

For the following reasons, the Motion is **DENIED**.

**I.     FACTUAL AND PROCEDURAL HISTORY**

Thomas Goodin ("Goodin") shipped a package containing methamphetamine on October 4, 2017.[1] The next day, a drug-dog alerted agents to the package.[2] Agents applied for and received a state search warrant to search the contents of the package.[3] The package contained a box wrapped

---
[1] [Doc. No. 246, pp. 138-144]
[2] [Doc. No. 247, p.102]
[3] [Id. at p. 105]

in birthday wrapping paper. The agents discovered a makeup bag containing 435.6 grams of methamphetamine within the box.[4]

Later, an agent disguised as a parcel delivery driver executed a controlled delivery of the package to the address listed on the package.[5] The agent delivered the package to the apartment of Brittany Gix ("Gix").[6] After a verbal confrontation on a phone call, Goodin advised Gix that he was sending someone else over to retrieve the package and deliver it to a different address.[7] Goodin sent Walker two text messages with the picture of the package label and receipt.[8] Later that day, Walker arrived at Gix's apartment, walked up to the apartment, and took the package to his vehicle.[9] Once Walker got into his vehicle and tried to leave the parking lot, he was taken into custody.[10]

Seven weeks later, officers apprehended Goodin during an unrelated traffic stop in Monroe, Louisiana.[11] After refusing to consent to a search of his vehicle, a K-9 unit arrived on the scene.[12] The K-9 unit alerted the officers to the presence of narcotics, and upon searching the trunk of Goodin's car, the officers discovered more boxes wrapped in wrapping paper which contained 92.8 grams of phencyclidine ("PCP") and 343.1 grams of methamphetamine.[13] The officers arrested Goodin and took him in for further questioning.[14]

A federal grand jury returned a four-count indictment against Goodin, Walker, and Gix. The indictment charged Walker with conspiracy to distribute and to possess with intent to

---

[4] [Id. at pp. 112-117]
[5] [Id. at p. 132]
[6] [Id.]
[7] [Doc. No. 246, p. 261]
[8] [Doc. 247, p. 34]
[9] [Id. at pp. 132-133]
[10] [Id. at p. 135]
[11] [Doc. 248, p. 40]
[12] [Id. at pp. 65-69]
[13] [Id. at p. 73]
[14] [Id. at p. 91]

distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and possession with the intent to distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 and 2.[15] George M. Campbell ("Campbell") was appointed to represent Walker.[16] On June 26, 2019, a Federal Grand Jury returned a superseding indictment similar to original indictment, but with an added section entitled "sentencing enhancement based on prior convictions" as to Goodin.[17]

On July 19, 2019, a jury found Walker, Gix and Goodin guilty as charged.[18] On November 6, 2019, Walker was sentenced to 144 month's imprisonment.[19] Campbell filed a motion to withdraw on November 19, 2019, which was granted.[20] On November 19, 2019, Walker, Gix and Goodin appealed.[21] On February 10, 2021, the United States Court of Appeals for the Fifth Circuit affirmed Walker, Gix and Goodin's convictions and sentences, and the Judgment was entered into the Court's records.[22] Walker timely filed the instant Motion on July 7, 2022.[23] The Government filed a Response in opposition on August 18, 2022, and Walker filed a Reply thereafter.[24]

The issues are briefed, and the Court is prepared to rule.

**II.    LEGAL STANDARD**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section

---

[15] [Doc. No. 1]
[16] [Doc. Nos. 27, 33]
[17] [Doc. No. 135]
[18] [Doc. No. 187]
[19] [Doc. No. 224]
[20] [Doc. No. 239]
[21] [Doc. No. 238]
[22] [Doc. No. 260]
[23] [Doc. No. 275]
[24] [Doc. Nos. 296, 303, 306]

2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir.

1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Defendants challenging the performance of their attorneys may bring those challenges under 28 U.S.C. § 2255 without overcoming the procedural bar. In *Massaro v. United States*, 538 U.S. 500, 509 (2003) the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id*. at 504. See *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689). To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result

of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

### III. ANALYSIS

The Court agrees that Walker's allegations of ineffective assistance of counsel are not procedurally barred but nonetheless finds these claims to be meritless. Each will be analyzed below.

#### A. Ineffective Assistance of Counsel Claims

Walker argues that his attorney was ineffective for three reasons. First, that his attorney should have objected to the prosecutor's closing argument for improperly suggesting that Walker was involved with crimes for which he was not formally charged. Second, that his attorney failed to advise him of his constitutional right to testify on his own behalf. Finally, that his attorney should have filed a motion to sever because Goodin and Walker had conflicting interests that prevented Goodin from providing exculpatory testimony at trial. All three claims face a similar issue under the *Strickland* test. Even if Walker could prove that his attorney acted unreasonably, which the Court does not find that he has proven, he cannot prove that there would be a reasonable probability that but for his counsel's errors, the result of the trial would have been different. Each issue will be analyzed in further detail below.

##### 1. Failure to Object to the Prosecutor's Closing Argument

Walker argues that his attorney was ineffective for failing to object to certain statements made by the prosecutor during closing arguments. Specifically, that his attorney should have objected to the following statements:

> Why is this doll so important? Why? I mean, I don't think—there's been no evidence in this case. We haven't heard anything about Meko Walker having some baby doll delivery service because it doesn't exist. They all knew what was going on. They all knew. They covered it up. They covered it up with fake names, with birthday wrapping paper, with wrapping paper for momma.
> This was a case—this is a case not about giving gifts to family. This is a case about poisoning the community with illegal narcotics, narcotics like PCP, which is so volatile you can sit it in this room and I'm sure you smelled it; coming into this community facilitated by these people here.[25]
>
> And it's a simple case in that on October 4, 2017—and you saw the evidence. You saw in Government Exhibit 1-1—if you could bring that up, please, —you saw the evidence.
> You saw Defendant, Thomas Goodin. You can see him on that screen. You know that he shipped the FedEx Box. You know that he shipped it into this community, and you know that he shipped it to Brittany Gix's house and that Meko Walker came and picked it up.
> And that's really what this case is all about. This case is all about gifts. That's the whole theme through this case is Thomas Goodin disguised narcotics as gifts. And he did it twice. What do we call that? A pattern. One was supposedly for his daughter, and one was for his momma.
> Now, I don't know anybody that gives their momma meth, and I don't know anybody that gives their momma PCP. And I don't know anybody that gives their daughter meth. And I hope y'all don't either.[26]

According to Walker, these claims should have been objected to and stricken from the record because they were inadmissible and affected a constitutional right. Walker contends that he was not charged with possession with the intent to distribute the methamphetamine or PCP that was seized by authorities on November 30, 2017. Therefore, according to Walker, while the evidence

---

[25] [Doc. No. 249, p. 687]
[26] [Id. at pp. 684, 685]

was usable against Goodin, it was not usable against him. Walker argues the above quoted remarks by the prosecutor created a "suggestion that [Walker] possessed and/or intended the distribution of the meth or PCP seized on November 30, 2017" and that affected "[Walker's] substantial rights and subjected [Walker] to prejudice."[27]

"A decision not to object to a closing argument is a matter of trial strategy," and, as such, is accorded great deference. *Drew v. Collins* 964 F.2d 411, 423 (5th Cir. 1992). Even where an objection might have succeeded, an attorney is allowed to make a strategic choice to forgo such an objection. *See Wiley v. Puckett*, 969 F.2d 86, 102 (5th Cir. 1992), *as amended* (Aug. 5, 1992); *See also Thomas v. Thaler*, 520 f. App'x 276, 281 (5th Cir. 2013) (whether an attorney objects to a closing argument in front of a jury is "a quintessential matter of trial strategy not to be second-guessed").

Reversal is required by due process only when the prosecutor's argument or comments "so infect the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The defendant must demonstrate that the improper statement was "persistent and pronounced or that the evidence of guilt was so insubstantial that the conviction would not have occurred but for the improper remarks." *Jones v. Estelle*, 632 F.2d 490, 492-93 (5th Cir. 1980).

Here, Walker has not shown that his attorney acted unreasonably when he failed to object to the prosecutor's closing statements. While there arguably could be a suggestion that the prosecutor's statements intended to show that Walker was involved with the PCP-related activity, which he was not formally charged with, Walker's attorney's choice to not object to the statements

---

[27] [Doc. No. 275-1, pp. 13-14]

was a matter of trial strategy and is therefore afforded great discretion. Additionally, the prosecutor stated:

> That's the whole theme through this case is *Thomas Goodin* disguised narcotics as gifts. And he did it twice. What do we call that? A pattern. One was supposedly for his daughter, and one was for his momma. Now, I don't know anybody that gives their momma meth, and I don't know anybody that gives their momma PCP.[28]

Clearly, the prosecutor was referring to Goodin and his involvement with the methamphetamine and PCP in this statement. Walker's attorney did not act unreasonably in failing to object to a statement that does not directly implicate Walker for a crime to which he was not formally charged.

Walker has also not shown that his attorney's failure to object prejudiced him. Walker argues that "this Court cannot analyze the efficiency of any cautionary [jury] instructions, because no cautionary instructions were given to the jury." This is incorrect. The jury was instructed as follows:

> A separate crime is charged against one or more of the Defendants in each count of the Superseding Indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each Defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other Defendant. You must give separate consideration to the evidence as to each Defendant.[29]

The jury was also instructed, "[r]emeber any statements, objections or arguments made by the lawyers are not evidence," and "[w]hat the lawyers say is not binding upon you."[30] These instructions remedied any suggestion that Walker was involved with the PCP-related offenses. Any prejudice caused by the prosecutor's closing argument was remedied by the jury instructions.

---

[28] [Doc. No. 249, p. 685 (emphasis added)]
[29] [Doc. No. 182]
[30] [Id.]

9

Additionally, the accompanying evidence to support Walker's conviction also renders inconsequential any prejudice caused by the statements. *See United States v. Anderson*, 755 F.3d 782, 299 (5th Cir. 2014) ("evidence presented to the jury—excluding the [prosecutor's] improper comment—was more than sufficient to convict" the defendant). Here, there was a four-day trial during which numerous pieces of evidence were offered by the government. Additionally, the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence on February 10, 2021. As noted by the Fifth Circuit:

> The circumstantial evidence against Walker may be less compelling than the evidence against Gix, but the jury was entitled to infer guilt from the flurry of texts and phone calls between Goodin and Walker on the date Walker was to pick up the package, together with Goodin's sending the receipt and manifest to Walker as he did to Gix.[31]

Walker has failed to show that the prosecutor's statements, even if improper, substantially prejudiced him such that the jury's verdict must be upset.

### 2. Failure to Call the Defendant as a Witness

Walker argues that his attorney failed to advise him of his right to testify and that he was consequently deprived of a substantial right. The *Strickland* standard applies to a defendant's assertion that his attorney interfered with his right to testify. *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). In *United States v. Mullins*, the Fifth Circuit explained that the decision whether to put a defendant on the stand is a "judgment call," which should not be easily condemned with the benefit of hindsight. 315 449, 454 (5th Cir. 2002). In *Winfrey v. Maggio*, the Fifth Circuit described the decision of whether to advise a criminal client to testify as "one of the most difficult and vexatious decisions a trial attorney must make." 664 F.2d 550, 552 (5th Cir. 1981).

---

[31] [Doc. No. 260, p. 10]

10

Even if an attorney's action interferes with the right to testify, the defendant must still establish prejudice. *Mullins*, 315 F.3d at 456. The Fifth Circuit has recognized that the likelihood of a damning cross-examination prevents a defendant from prevailing on a claim that his attorney should have allowed the defendant to testify on his own behalf. *See Willis*, 273 F.3d at 598 (noting "this particular ineffectiveness claim was meritless because allowing [the defendant] to testify at trial would have permitted the government to cross-examine him about his drug trafficking history.") *See also United States v. Araujo*, 77 F. App'x 276, 279 (5th Cir. 2003) (noting that even if the attorney performed deficiently, the defendant could not show prejudice because he "would have been subject to vigorous, and in all likelihood, damaging cross-examination.").

Here, if Walker had testified, he would have been subject to cross-examination regarding the "flurry of texts and phone calls between Goodin and Walker on the date Walker was to pick up the package, together with Goodin's sending the receipt and manifest to Walker as he had to Gix."[32] Even if Walker had proven that his attorney made a mistake in failing to allow him to testify on his own behalf, Walker has failed to prove that the decision resulted in prejudice substantial enough to effect the outcome of the trial.

### 3. Failure to File a Motion to Sever

Walker argues that his attorney should have filed a motion to sever the trial because he and Goodin had conflicting interests that prevented Goodin from providing exculpatory testimony at trial. Although Walker presents separate reasons for severing the trial, the Court's reasoning in denying Walker's motion to sever would have been much the same as its reasons for denying Gix's Motion to Sever.[33] Whether to sever counts of an indictment is a matter of discretion for the trial judged who must balance any possible prejudice to a defendant against judicial economy. *United*

---

[32] [Doc. No 260, p. 10]
[33] On June 19, 2019 the Court denied Gix's Motion to Sever [Doc. Nos. 116, 130, 131].

11

*States v. Outler*, 659 F.2d 1306 (5th Cir. 1981). The Government chose to indict all three Defendants together and it is the rule, not the exception, that persons indicted together should be tried together, especially in conspiracy cases. *See United States v. McRae*, 702 F.3d 806 (5th Cir. 2012).

Any motion to sever filed by Walker's attorney would have been meritless because the same reasoning to Walker's motion to sever would have been applied. Namely, that the nature of the charges would be easily understood by a jury and not prejudice Walker. Although Counts 3 and 4 involved a traffic stop of Goodin and drugs possessed by him at a later date (November 30, 2017), the Court would have found that the jury should easily be able to distinguish the separate charges and separate Defendants and that a limiting instruction would remedy any possible confusion. Additionally, even if Goodin now submits that he would have provided exculpatory testimony on Walker's behalf,[34] Goodin would not have been a credible witness in light of his extensive criminal background. Therefore, Walker's counsel did not act unreasonably in failing to file a motion to sever because any such motion would have been frivolous.

### B. Evidentiary Hearing

Walker requests an evidentiary hearing. Evidentiary hearings on § 2255 motions are not necessary unless the defendant shows some indicia of viable issues in his motion. *United States v. Harrison*, 910 F.3d 824, 826-827 (5th Cir. 2018) (holding that an evidentiary hearing as to a § 2255 motion is not required "if (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as matter of law, even if his factual assertions were true." *See also United States v. Bartholomew*, 974 F.2d 39, 41

---

[34] [Doc. No. 275-1, pp 47-49]

(5th Cir. 1992) (holding that no hearing is necessary as to a § 2255 motion if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief").

The Court finds that Walker has presented nothing showing that there are viable issues within his motion. As discussed above, Walker's claims of ineffective assistance of counsel are frivolous because he cannot show that any action or failure to act by his defense counsel prejudiced a substantial right. Accordingly, Walker will not be granted an evidentiary hearing.

### C. Adopting Goodin's § 2255 Motion

Walker asks the Court to consider the arguments raised by his co-defendant in Goodin's Motion to Vacate under § 2255.[35] Even considering Goodin's arguments, the outcome of the Court's decision remains the same. Goodin's arguments are centered around his attorney's failure to file a motion to suppress and concerns about his criminal history and sentencing. Here, Walker and Goodin were represented by separate counsel, there was no motion to suppress, and, unlike Goodin, Walker was not sentenced under the Armed Career Criminal Act. Therefore, the arguments raised in Goodin's Motion to Vacate are irrelevant to the instant Motion.

### IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Meko Walker's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 275] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Walker's request for an evidentiary hearing is **DENIED**.

---

[35] [Doc. No. 281]

MONROE, LOUISIANA, this 27th day of September 2022.

                                                                  Terry A. Doughty
                                               United States District Judge